UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

EXPORT WORLDWIDE, LTD.,    )
    )
      Plaintiff,    )
    )
VS.    )    Civil Action No.  SA-05-CA-647-XR
    )
ALFRED KNIGHT, individually,    )
KNIGHT AEROSPACE PRODUCTS,    )
INC., T&M LEASE AND FINANCE,    )
L.L.C.    )
    )
      Defendants.    )

## ORDER

On this date, the Court considered Plaintiff's motion for attorney's fees, and Defendants'
motion to strike Plaintiff's supporting affidavits.  For the reasons discussed below, the Court finds
that additional evidence is necessary to resolve the motion for attorney's fees (Docket No. 80).  The
motion to strike Plaintiff's affidavits for failure to comply with Local Rule CV-7(i) and designate
expert witnesses is DENIED (Docket No. 82).  The Court will postpone ruling on the motion for
attorney's fees until it receives a reasonable loadstar estimate regarding the breach of contract claim,
which must be filed on or before **May 14, 2007.**  This submission should be supported by affidavits
and include the *Arthur Andersen* eight-factor analysis.  Defendants may file a response in accordance
with Local Rule CV-7(d).  No reply will be allowed.

### I. Factual & Procedural Background

On February 27, 2007, the Court entered Judgment for Plaintiff on its breach of contract
claim.  The Court ordered specific enforcement of the mediated settlement agreement, which resulted
in an award of $85,000.  The Court found Defendants jointly and severally liable for this amount,
with pre- and post-judgment interest accruing at a rate of 8.25%.  All other claims pending against

Defendants were dismissed with prejudice.  In its Order granting Plaintiff's motion for summary judgment, the Court instructed Plaintiff to file a motion for attorney's fees with appropriate supporting documentation pursuant to Local Rule CV-7(i) after the Court entered Judgment.

Plaintiff submitted its motion for attorney's fees on March 8, 2007.  Plaintiff argued that the Court should calculate reasonable attorney's fees by reference to its 40% contingency fee agreement, which would result in an award of 40% of $85,000 = $34,000.  Plaintiff engaged in a discussion of the Fifth Circuit's "Johnson Factors," and it attached two affidavits to its motion testifying to the reasonableness of the 40% contingency fee.  Plaintiff's counsel, Mr. Glenn Deadman, executed the first affidavit, which discussed his qualifications and expressed his opinion that a 40% contingency fee is fair and reasonable.  Deadman noted that Export is a Bahamian Corporation and that the original subject matter of this lawsuit was based on promissory notes allegedly subject to Bahamian law.  Plaintiff's retained expert, Mr. Royal B. Lea, III, executed the second affidavit.  Lea testified that a 40% contingency fee is fair and reasonable.  Lea also used an estimated "loadstar" calculation as a "'check' or measure of the reasonableness of the contingent fee."  Lea testified that multiplying a reasonable hourly rate of $250/hour by an estimate of 150 hours worked yields $37,500, which confirms that an award of $34,000 is reasonable.  Lea did not explain how he arrived at the 150 hour estimate.

In response, Defendants argued that Plaintiff failed to comply with Local Rule CV-7(i), which states that motions for attorney's fees must include a loadstar calculation.  Defendants argued that Plaintiff failed to designate any experts, such as Mr. Lea, who would testify regarding attorney's fees.  Defendants seek to strike Plaintiff's affidavits for failure to comply with Local Rule CV-7(i) and designate expert witnesses.  Defendants argued that the Texas Supreme Court has rejected an award of attorney's fees based solely upon a contingency fee agreement and that Plaintiff's affidavits are too general and ignore the degree of specificity that the *Arthur Andersen* decision requires.

-2-

Defendants noted that the mediated settlement agreement, which was specifically enforced by this Court, stated that the parties would bear their own attorney's fees and costs. Defendants argued that the contingency fee agreement contemplated that the 40% percent fee would be recovered from the compensatory damages awarded by the Court, not in addition to those damages. Finally, Defendants attached the affidavit of William B. Kingman, attorney for Defendant T&M, who testified that Plaintiff's requested attorney's fees were unreasonable.

## II. Legal Analysis

The Court evaluated Plaintiff's breach of contract claim under Texas state law. Texas law authorizes the award of "reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). The award of reasonable attorneys' fees is mandatory under section 38.001 if the plaintiff prevails in his or her breach of contract claim and recovers damages. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603, 613 (5th Cir.2000) (citing *Green Int'l Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). The trial court has the discretion to determine the appropriate amount of attorney's fees following a successful claim under section 38.001. *Id.* at 613. The Texas Civil Practice and Remedies Code provides a rebuttable presumption that usual and customary fees are reasonable. TEX. CIV. PRAC. & REM. CODE § 38.003. The judge entertaining a motion for attorney's fees may take judicial notice of reasonable and customary fees, along with the case file. *Id.* at § 38.004. Federal courts in the Fifth Circuit must refer to state law when awarding attorney's fees in diversity cases involving breach of contract. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision"). Texas courts have awarded attorney's fees under section 38.001 in cases involving specific performance of a mediated settlement agreement. *West Beach Marina, Ltd. v. Erdeljac*, 94 S.W.3d 248, 267 (Tex. App.–Austin 2002, no pet.).

When the contract between the plaintiff and its attorney provides for a contingency award of attorney's fees, attorney's fees cannot be recovered from the defendant based *solely* on evidence of the fee agreement. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1998); *see San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 106 (Tex. App.–San Antonio 2003, pet denied) (attorney's testimony that contingency fee was reasonable did not support award of attorney's fees). To recover attorney's fees, the plaintiff must prove that the attorney's fees were reasonable and necessary for the prosecution of the case. *Arthur Andersen,* 945 S.W.2d at 818-19. The plaintiff must also ask the fact-finder to award the fees in a specific dollar amount, not as a percentage of the judgment. *Id.* at 819. The Texas Supreme Court has adopted eight factors to be used by the fact-finder to determine the reasonableness of the fees:

> 1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818.

Defendants argue that Plaintiff's counsel is attempting to rely solely on his contingency fee agreement with Plaintiff to establish reasonable attorney's fees. The preferred method of computing

a reasonable fee under section 38.001 is the "lodestar" method, or "the product of reasonable hours times a reasonable rate." *Toshiba Machine Co., America v. SPM Flow Control, Inc.*, 180 S.W.3d 761 (Tex. App.–Fort Worth 2005, no pet.); *Dillard Dept. Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.–El Paso 2002, pet denied) (relying on the lodestar method of calculating attorney's fees and using the "Johnson Factors" as a multiplier).   However, strict reliance on the lodestar method of calculation is not required if the plaintiff can otherwise demonstrate that the fees sought are reasonable. *Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc.*, 48 S.W.3d 225, 240-41 (Tex. App.–San Antonio 2001, pet. denied); *Southwest Grain Co. v. Garza*, No. 13-04-409-CV, 2007 WL 1087179, *13 (Tex. App.–Corpus Christi April 12, 2007, no pet. h.).   In *Mathis*, the Fifth Circuit affirmed an award of attorney's fees under section 38.001 based on evidence almost identical to that submitted by Plaintiff in this case.   302 F.3d at 462 ("Plaintiffs' attorneys supported their fees by submitting an affidavit drafted by lead counsel and an affidavit of an attorneys' fees expert. Exxon countered by challenging the reasonableness of the total award. Under Texas law, the two affidavits, combined with the presumption of reasonableness and the court's ability to use judicial notice to guide the reasonableness finding is enough for us to conclude that the district court did not abuse its discretion in awarding fees as contemplated by plaintiffs' contingency fee contract").

Defendants are correct in arguing that the Local Rules of the Western District of Texas require Plaintiff to submit a loadstar calculation of attorney's fees to this Court. *See* Local Rule CV-7(i). However, based on the Fifth Circuit's holding in *Mathis* that state law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision, the Court refuses to hold that Local Rule CV-7(i) bars recovery of attorney's fees because Plaintiff failed to submit a loadstar calculation.  The motion to strike Plaintiff's affidavits for failure to comply with Local Rule CV-7(i) and designate expert witnesses is DENIED.

The Fourth Court of Appeals has affirmed an award of attorney's fees based on evidence of

a contingent fee agreement combined with a reasonable loadstar estimate. *Aquila*, 48 S.W.3d at 241. However, it has rejected an award of attorney's fees based solely upon a "'guesstimate' about in-court versus out-of-court time" that was unsupported by other evidence. *San Antonio Credit Union*, 115 S.W.3d at 106.[1]  The Court is willing to give Plaintiff the opportunity to submit a reasonable loadstar estimate regarding its breach of contract claim, which would include time spent at the September 9, 2006 hearing, time spent drafting its motion for summary judgment, and time spent drafting its motion for attorney's fees.[2]

This Court refuses to award attorney's fees to Plaintiff based on its contingent fee agreement, supporting affidavits, and *Arthur Andersen* eight-factor analysis because (1) Plaintiff's attorney's fees must be segregated and (2) the terms of the mediated settlement agreement preclude recovery of attorney's fees incurred prior to execution of that contract.  Plaintiff must submit a reasonable loadstar estimate to the Court regarding attorney's fees incurred in prosecuting its breach of contract claim.[3]

Texas law explicitly recognizes that fees need not be segregated where "the services rendered relate to (1) multiple claims arising out of the same facts or transaction and (2) the prosecution or defense entails proof or denial of the same facts, so as to render attorney's fees inseparable." *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, (5th Cir. 2003) (citing *Aetna Cas. & Sur. v. Wild*, 944

---

[1]To the extent that *Trevino* holds otherwise, the Court believes that it conflicts with *Arthur Andersen*.  *See Laredo Indep. Sch. Dist. v. Trevino*, 25 S.W.3d 263, 266 (Tex. App.–San Antonio 2000, pet. denied).

[2]The Court notes that the motion to compel, which was granted in part and denied in part by Judge Nowak on October 30, 2006, was filed prior to the breach of the mediated settlement agreement.

[3]In their "Hourly Rates in 2005 Report," and State Bar of Texas Department of Research and Analysis found that the average hourly rate in the San Antonio Metropolitan Statistical Area was $231 per hour.  Taking into account inflation, the Court believes that the $250 hourly rate used by Mr. Lea in his loadstar estimate is reasonable.

S.W.2d 37, 41 (Tex. App–Amarillo 1997, writ denied)); *see also Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991).  However, the Texas Supreme Court recently reaffirmed the rule that if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). Intertwined facts do not make unrecoverable fees recoverable per se; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *Id.*

The Court finds that the discrete legal services performed by Plaintiff's counsel to prosecute its breach of contract claim must be segregated. Whether fees can be segregated between various claims historically has been a question for the Court. *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 709 (Tex.App.–Fort Worth 2006, pet. denied).  The Court agrees with Defendants' argument that Plaintiff should only recover those attorney's fees required to prosecute its breach of contract claim after that breach occurred.

In addition to the fact that Plaintiff's attorney's fees must be segregated, the terms of the mediated settlement agreement preclude recovery of any attorney's fees incurred prior to execution of that contract.  The mediated settlement agreement, which this Court specifically enforced, stated that "[e]ach party shall bear its own costs and attorney's fees." The Court will not allow Plaintiff to ignore terms of the contract that this Court specifically enforced.  Although Mr. Lea included a loadstar estimate in his affidavit, this calculation was not sufficiently detailed, and it included an estimate of time spent prosecuting the entire case (i.e. 150 hours).  The Court believes that the time spent prosecuting the breach of contract claim is much less than 150 hours.

### III. Conclusion

The Court finds that additional evidence is necessary to resolve the motion for attorney's fees (Docket No. 80).  The motion to strike Plaintiff's affidavits for failure to comply with Local Rule

CV-7(i) and designate expert witnesses is DENIED (Docket No. 82).  The Court will postpone ruling on the motion for attorney's fees until it receives a reasonable loadstar estimate regarding the breach of contract claim, which must be filed on or before **May 14, 2007.**  This submission should be supported by affidavits and include the *Arthur Andersen* eight-factor analysis.  Defendants may file a response in accordance with Local Rule CV-7(d).  No reply will be allowed.

It is so ORDERED.

SIGNED this 3rd day of May, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE